```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                    CONSOLIDATION ORDER
                                              22-CV-7032(JS)(JMW)
    -against-

INTEGRATED CONTROL CORP., MARK
SALERNO, and ROBERTA SALERNO,

                Defendants.
---------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                              22-CV-7504(JS)(JMW)

    -against-

INTEGRATED CONTROL CORP.,

                Defendant.
---------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                              23-CV-1307(JMA)(SIL)

    -against-

ROBERTA SALERNO and MARK SALERNO,

                Defendants.
---------------------------------X
```

APPEARANCES  
For Plaintiff:     Kimberly Parke, Esq.  
                   DOJ-Tax, Civil Trial Section, Northern Region  
                   P.O. Box 55  
                   Washington, DC  20044-0055  

For Defendants:    James Druker, Esq.  
                   Kase & Druker, Esqs.  
                   1325 Franklin Avenue, Suite 225  
                   Garden City, NY  11530

>Richard S. Kestenbaum, Esq.
>Kestenbaum & Mark
>40 Cutter Mill Road
>Great Neck, NY  11021

SEYBERT, District Judge:

Plaintiff United States of America ("Plaintiff") has commenced three separate actions against Defendants Integrated Control Corp., Roberta Salerno, and Mark Salerno (collectively, "Defendants"), all of which are premised upon Defendants' alleged failures to pay certain tax liabilities. (See United States v. Integrated Control Corp. et al., 22-CV-7032; United States v. Integrated Control Corp., 22-CV-7504; United States v. Salerno et al., 23-CV-1307.)  Currently pending before the Court are Plaintiff's motions to consolidate the three above-captioned cases, which Defendants do not object to. (See United States v. Integrated Control Corp. et al., 22-CV-7032, ECF No. 17; United States v. Integrated Control Corp., 22-CV-7504, ECF No. 10; United States v. Salerno et al., 23-CV-1307, ECF No. 6.)

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions which involve common questions of law or fact. District courts have broad discretion to consolidate actions. Velasquez on behalf of J.V. v. Soc. Sec. Admin., No. 19-CV-4655, 2019 WL 5064595, at *1 (E.D.N.Y. Oct. 8, 2019) (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990)). In making this determination, courts may consider whether

consolidation serves the interests of judicial economy.  See In re Hain Celestial Heavy Metals Baby Food Litig., No. 21-CV-0678, 2021 WL 3077887, at *1-2 (E.D.N.Y. June 25, 2021)(citing Johnson, 899 F.2d at 1284); see also Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, [and] motion practice and trial in the . . . cases would most likely cover the same facts and some identical issues of law.").

Here, the Court finds that each of the three complaints filed by Plaintiff against Defendants involve common questions of law and fact, and that consolidation will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of these related matters.  Further, the Court notes all parties consent to consolidation.  Accordingly, Plaintiff's motions to consolidate are GRANTED.  The Clerk of Court is directed to: (1) consolidate these cases into the first filed case, 22-CV-7032; and (2) mark 22-CV-7504 and 23-CV-1307 closed.  All future filings related to these cases shall only be docketed in 22-CV-7032.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 24, 2023
       Central Islip, New York

3